# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Carlos Vazquez,<br><br>                Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>                Respondent/Plaintiff. | No. CV-15-00180-PHX-DGC (BSB)<br>CR-13-00499-PHX-DGC<br><br>**REPORT AND RECOMMENDATION** |

Movant/Defendant Jose Carlos Vazquez (Movant) has filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody, pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence in CR-13-00499-DGC.[1] (Doc. 1.)[2] Respondent/Plaintiff, the United States of America (the government), has filed a response asserting that the § 2255 Motion should be denied. (Doc. 4.) Movant has not filed a

---

[1] Movant filed a separate § 2255 motion challenging his conviction and sentence in *United States v. Vazquez*, CR-13-50056-PHX-DGC. (*See Vazquez v. United States*, CV-13-00181-PHX-DGC (BSB), Doc. 1.) That motion is identical to the motion in this case. The Court did not consolidate these § 2255 proceedings. Accordingly, the government filed a separate responses to each § 2255 motion. However, the responses are substantively the same. (*Compare Vazquez v. United States*, CV-15-00180-PHX-DGC (BSB), Doc. 4 *with Vazquez v. United State*, CV-15-00181-PHX-DGC (BSB), Doc. 7.) Because the two § 2255 cases are not consolidated, the assigned magistrate judge issues separate Report and Recommendations for each case, but they are substantively identical. However, the Report and Recommendation in CV-15-00181-PHX-DGC (BSB) includes additional facts regarding Movant's admission to the supervised release violation.

[2] Citations to "Doc." are to the docket in CV-15-00180-PHX-DGC (BSB). Citations to "CR Doc." are to the docket in the underlying criminal case, CR-13-00499-DGC.)

reply and the time to do so has passed. For the reasons set forth below, the Court recommends that the § 2255 Motion be denied.

## I. Factual and Procedural Background

### A. Charges, Plea, and Sentencing

In 2011, Movant was convicted by a jury in the Middle District of Florida, Case No. 6:10-CR-00304-GAP-GJK, under the name Carlos Alexis Rodriguez-Hernandez, of unlawfully transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and(a)(1)(B)(i), and of illegal reentry in violation of § 1326(a) and (b)(1). (*United States v. Rodriguez-Hernandez*, 6:10-CR-00304-GAP-GJK, Doc. 46; PSR at 3.)[3] On April 26, 2011, Movant was sentenced in that case to thirteen months' imprisonment, followed by three years' supervised release. (*United States v. Rodriguez-Hernandez*, 6:10-CR-00304-GAP-GJK, Doc. 61.) On September 29, 2011, Movant was released to the custody of Immigrations and Customs Enforcement (ICE), and was deported to Mexico on October 6, 2011. (PSR at 3.)

On February 21, 2013, the government filed a criminal complaint against Movant in the District of Arizona alleging reentry of a removed alien in violation of 8 U.S.C. § 1326(a), and enhanced by (b)(1). (CR Doc. 1.) Based on that charge, and after the matter was transferred to the District of Arizona, on April 3, 2013, the Probation Office filed a petition to revoke supervised release in the former Middle District of Florida case. (*United States v. Vazquez*, CR-13-50056-PHX-DGC, Doc. 2.)

On April 9, 2013, Movant was indicted in CR-13-00499-PHX-DGC on reentry of removed alien, in violation of 8 U.S.C. § 1326(a), as enhanced by (b)(1). (CR Doc. 12.) On May 16, 2013, Movant pleaded guilty to the indictment without a plea agreement before Magistrate Judge Bridget S. Bade. (CR Doc. 18.) The same day, Movant

---

[3] Pursuant to LRCrim 32.1(d)(3), the Presentence Investigation Report (PSR) is not filed in docket of the criminal or civil case, but is retained after sentencing by the United States Probation Office. The Court reviewed a copy of the PSR that it obtained from the Probation Office.

- 2 -

admitted the supervised release violation before the magistrate judge. (*United States v. Vazquez*, CR 13-50056-PHX-DGC, Doc. 13.)

On May 17, 2013, the magistrate judge entered findings and a recommendation that the assigned district judge accept Movant's guilty plea in CR-13-00499-PHX-DGC. (CR Doc. 19.) The magistrate judge also recommended that the district judge accept the Movant's admission of violation of the terms of supervised release in CR-50056-PHX-DGC. (*United States v. Vazquez*, CR 13-50056-PHX-DGC, Doc. 14.) On June 17, 2013, the district court adopted the magistrate judge's findings and recommendations in both matters. (CR Doc. 20; *United States v. Vazquez*, CR 13-50056-PHX-DGC, Doc. 15.)

Before sentencing, the Probation Office issued a PSR recommending a sentence of sixty-three months' imprisonment, to be followed by three years' supervised release. (PSR at 14.) The recommended sentence was at low end of the Sentencing Guidelines range of sixty-three to seventy-eight months' imprisonment. (PSR at 14.) The Guidelines range was based on a total offense level of 22, and a criminal history category IV. (PSR at 4, 7.) The total offense level of 22 was calculated from a base offense level of eight (U.S.S.G. § 2L1.2(a)), a sixteen-level enhancement for Movant's conviction for unlawfully transporting aliens (U.S.S.G. § 2L1.2(b)(1)(A)(vii)), and a two-level deduction for acceptance of responsibility (U.S.S.G. § 3E1.1(a)). (PSR at 4.)

On July 31, 2013, Movant filed a sentencing memorandum. (CR Doc. 22.) He did not challenge the calculations in the PSR. (*Id.*) Rather, he argued that the recommended sentence was excessive and he requested a variance. (*Id.*) After a sentencing hearing, on August 13, 2013, the Court sentenced Movant in CR-13-00499-PHX-DGC to sixty-three months' imprisonment, to be followed by three years' supervised release. (CR Docs. 24, 25.) In the supervised release violation case, CR-13-50056-PHX-DGC, the Court revoked Movant's supervised release and sentenced him to six months' imprisonment to run concurrent with his sentence in CR 13-00499-PHX-DGC. (*Vazquez*, 13-50056, Doc. 18.)

B. **Direct Review**

On August 15, 2015, Movant filed a notice of appeal to the Ninth Circuit Court of Appeals. (CR Doc. 26.) In his opening brief, Movant alleged that the Court erred by "failing (1) to announce the Sentencing Guidelines range, (2) to explain adequately its reasons for imposing the sentence, and (3) to indicate that it was not basing the sentence on [Movant's] rejection of a fast-track plea offer." *United States v. Vazquez*, 584 Fed. App'x 348 (9th Cir. 2014). Movant also alleged that the magistrate judge improperly participated in plea negotiations. *Id.* The Ninth Circuit rejected Movant's arguments, and affirmed his conviction and sentence. *Id.* Movant filed a petition for writ of certiorari to the United States Supreme Court, which was denied in January 2015. *Vazquez v. United States*, 135 S. Ct. 1012 (2015).

C. **§ 2255 Motion**

On February 3, 2015, Movant filed the pending § 2255 Motion challenging his conviction and sentence in CR 13-00499-PHX-DGC. The § 2255 Motion asserts that: (1) trial counsel was ineffective for failing to inform Movant of his constitutional rights (Ground One); (2) trial counsel was ineffective for failing to object to a sentencing enhancement based on a prior conviction (Ground Two); (3) trial counsel was ineffective for failing to ensure that there was an adequate factual basis for Movant's guilty plea because trial counsel did not dispute the validity of the underlying removal proceeding (Ground Three); and (4) appellate counsel was ineffective for failing to file a timely notice of appeal (Ground Four). (Doc. 1 at 4-8.)

The government argues that § 2255 review of Movant's claims asserted in Grounds One, Two, and Three is procedurally barred because these claims, although labeled as claims of ineffective assistance of trial counsel, are substantive challenges to Movant's conviction and sentence that are unrelated to counsel's performance, and should have been raised on direct appeal. (Doc. 4 at 5.) The government alternatively argues that all of Movant's claims lack merit. Movant has not filed a reply in support of his § 2255 Motion and the time to do so has passed.

## II.     Procedural Bar

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, a claim presented for the first time in a § 2255 motion is procedurally defaulted and barred from review. *See Bousley v. United States.*, 523 U.S. 614, 621 (1998) (finding claim defaulted when movant challenged his guilty plea but had not raised that claim on direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent'" *Bousley*, 523 U.S at 622 (citations omitted). However, claims of ineffective assistance of counsel need not be exhausted on direct appeal, but are properly brought in a § 2255 motion. *See Massaro*, 538 U.S. at 509 ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

The government argues that the claims asserted in Grounds One, Two, and Three are substantive challenges to Movant's conviction and sentence, and not ineffective assistance of counsel claims. Also, as the government notes, Movant's claims in Grounds One through Three largely focus on the conduct of the magistrate judge during the change of plea hearing and on the conduct of the district judge during sentencing. However, the Court declines to find review of these grounds precluded. Movant, who is proceeding pro se, casts Grounds One, Two, and Three as claims of ineffective assistance of trial counsel and, in an abundance of caution, the Court considers Movant's claims as challenges to trial counsel's representation.

/ / /

/ / /

**III.     Movant's Claims**

     **A.     Ineffective Assistance of Trial Counsel Claims**

          **1.     Standard to Establish Ineffective Assistance of Counsel**

To obtain relief for a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id*. at 690. In reviewing counsel's performance, courts "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The standard for judging counsel's representation is a most deferential one. It is "all too tempting" to "second guess counsel's assistance after conviction or adverse sentence." *Id*. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

To establish prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id*. To satisfy *Strickland's* prejudice prong when a petitioner has pleaded guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citations omitted).

The court need not reach both components of *Strickland* "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697 ("Although we have

discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### 2. Ground One

In Ground One, Movant asserts that trial counsel was ineffective for failing to advise Movant of the constitutional rights he was waiving by entering a guilty plea as required by *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969), and Rule 11 of the Federal Rules of Criminal Procedure. (Doc. 1 at 4.)

Both *Boykin* and Rule 11 concern the court's obligations at a change of plea hearing, not defense counsel's performance. *Boykin*, 395 U.S. at 243-44 (stating that the trial court must examine the defendant on the record to ensure that defendant understands his constitutional rights his is waiving by pleading guilty); Fed. R. Crim. P. 11 (setting forth the trial court's duties before accepting a guilty plea). As discussed below, to the extent Ground One can be construed as asserting that trial counsel was ineffective for not objecting to the trial court's failure to satisfy its obligations under *Boykin* and Rule 11, Movant's claim fails.

The record reflects that the magistrate judge complied with *Boykin* and Rule 11. During the change of plea hearing, the magistrate judge confirmed that Movant had read a plea agreement that had been offered to him on March 8, 2013, that he understood that agreement, and that he decided to reject that agreement after discussing it with counsel. (Doc. 4, Ex. A at 5-6.) The magistrate judge also confirmed that Movant had reviewed the indictment with counsel and that he wanted to plead guilty to the indictment. (*Id.* at 5, 7.) Movant stated that he was satisfied with counsel's representation. (*Id.* at 6.) He confirmed that he had not had any substances that could interfere with his ability to understand the change of plea hearing, he was not forced or threatened to plead guilty, and he was not promised anything to plead guilty. (*Id.* at 7.) Movant confirmed that he understood that the indictment charged him with violating 8 U.S.C. § 1326(a), reentry of

removed alien, and alleged that he could be subject to a sentencing enhancement under § 1326(b)(1). (*Id.* at 7.)

The magistrate judge reviewed the maximum statutory penalties for the offense to which Movant was pleading guilty. (Doc. 4, Ex. A at 8.) The magistrate judge also explained how the alleged sentencing enhancement would affect the possible sentence. (*Id.*) The magistrate judge also explained that because Movant was currently serving a term of supervised release that was imposed in the Middle District of Florida, a guilty plea to a violation of 8 U.S.C. § 1326(a) could be used to establish a violation of his supervised release. (*Id.* at 11.) Movant indicated that he understood his sentencing exposure. (*Id.* at 10-11.) The magistrate judge then discussed how the Sentencing Guidelines would apply to Movant, and confirmed that Movant had discussed with counsel how the Sentencing Guidelines applied to his case. (*Id.* at 11-17.) The magistrate judge explained the negative consequences of pleading guilty in addition to a conviction and sentence in the criminal case before the court, including possible immigration consequences. (*Id.* at 18.) The magistrate judge then explained the constitutional rights that Movant was waiving by pleading guilty. (*Id.*) Movant affirmed that he understood those rights and wanted to give up his rights and enter a plea of guilty. (*Id.* at 22.)

The magistrate judge also set forth the elements of the charged offense, and confirmed that Movant understood those elements. (*Id.* at 21-22.) The government offered a factual basis for the guilty plea and Movant agreed with those facts. (*Id.* at 24-25.) He agreed that he was convicted of unlawfully transporting aliens and reentry of a deported alien on April 26, 2011 in the Middle District of Florida. (*Id.* at 24.) Movant then plead guilty to violating § 1326(a), with a possible sentencing enhancement under § 1326(b)(1). (*Id.* at 25-26.) The magistrate judge found that Movant knowingly, intelligently, and voluntarily entered his guilty plea, he understood the charge, there was a factual basis for the plea, and Movant was competent to enter a guilty plea. (*Id.* at 25.) Thus, the record of the plea colloquy establishes that the magistrate judge fulfilled her

1 obligations under *Boykin* and Rule 11. Accordingly, Movant cannot show that trial 2 counsel was ineffective for failing to assert that the trial court did not meet these 3 obligations.

4 Ground One can also be construed as arguing that trial counsel was ineffective for 5 failing to advise Movant of the constitutional rights he would be waiving by pleading 6 guilty. (Doc. 1 at 4.) This claim also lacks merit. During the change of plea hearing, 7 Movant confirmed that he was satisfied with counsel's representation. (Doc. 4, Ex. A at 8 6.) He also confirmed that he understood his trial rights and that he wished to waive 9 them and to plead guilty. (Doc. 4, Ex. A at 5, 18, 22.) "Statements made by a defendant 10 during a guilty plea hearing carry a strong presumption of veracity in subsequent 11 proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 12 2008). When, as here, a collateral challenge rests on unsupported allegations that 13 contradict a movant's sworn statements, the Ninth Circuit has held that claim fails. *See* 14 *Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (collecting cases and rejecting a 15 movant's challenge to his guilty plea that was contradicted by his sworn statements 16 during the change of plea hearing).

17 Even if trial counsel's performance was deficient for failing to explain Movant's 18 trial rights to him, Movant cannot establish prejudice because, as set forth above, the 19 magistrate judge advised Movant of his trial rights at the change of plea hearing. (Doc. 4, 20 Ex. A at 18-21 (explaining Movant's right to be represented by an attorney, plead not 21 guilty, and have a jury trial, at which he would be presumed innocent and could confront 22 and cross-examine witnesses, present evidence, use the subpoena power of the court, and 23 testify or remain silent).) Movant confirmed, under oath, that he understood those rights, 24 and that he wanted to waive them and plead guilty. (Doc. 4, Ex. A at 21-22.)

25 An attorney's alleged failure to advise a defendant of his rights or the 26 consequences of pleading guilty is not prejudicial when court addressed those issues 27 during the change of plea colloquy. *See Gonzalez v. United States*, 33 F.3d 1047, 1051- 28 52 (9th Cir. 1994) (concluding that the defendant was not prejudiced by counsel's alleged

miscalculation of the sentencing range when the court informed him of the possible sentences and fines); *see also United States v. Mayweather*, 634 F.3d 498, 506-07 (9th Cir. 2010) (concluding that the defendant's claim that he pleaded guilty under a mistaken belief as to his sentencing exposure was "demonstrably false" when the defendant was advised of the potential penalties at the change of plea hearing). Moreover, nothing in the record suggests that had trial counsel explained Movant's trial rights to him in a different manner, Movant would not have pleaded guilty and would have proceeded to trial. *See Hill*, 474 U.S. at 59. Therefore, Movant's claims of ineffective assistance of trial counsel asserted in Ground One lack merit and he is not entitled to relief on Ground One.

### 3. Ground Two

In Ground Two, Movant alleges that trial counsel was ineffective for failing to object to an unsupported allegation in the PSR. (Doc. 1 at 5.) Specifically, Movant argues that the PSR recommended an increase to his offense level based on an unspecified aggravated felony conviction. (*Id.*) The record, however, does not support Movant's assertion that his sentence was increased based on an aggravated felony conviction. Rather, the record reflects that Movant's offense level was increased sixteen levels based on his 2011 conviction and sentence in the Middle District of Florida for unlawfully transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), a class C felony. (PSR at 3, 4; 6:10-CR-00304-GAP-GJK, Docs. 14, 46.) The PSR specifically identified the case number, 6:10-CR-00304-GAP-GJK, and the date and details of Movant's sentences in that case. (PSR at 3-4.)

A sixteen-level enhancement for Movant's prior conviction for unlawfully transporting aliens was appropriate under U.S.S.G. § 2L1.2(b)(1)(A)(vii). *See United States v. Guzman-Mata*, 579 F.3d 1065, 1069 (9th Cir. 2009) ("The 16-level alien smuggling enhancement applies if there is a prior conviction for an offense described in § 1324(a)(1)(A) or (2)."). Movant's sworn statements at the change of plea hearing confirmed that he was convicted of unlawfully transporting aliens and that he understood

the maximum penalties he was facing, including the potential for a sentencing enhancement based on that conviction. (Doc. 4, Ex. A at 8-10.)

Specifically, during the change of plea hearing, the magistrate judge explained the maximum penalties for a violation of 8 U.S.C. § 1326(a), including the possible sentence if the sentencing enhancements applied. (*Id.* at 8-9.) Movant confirmed, under oath, that he understood the maximum penalties. (*Id*. at 10.) Movant's counsel also explained that he believed Movant would be subject to a sixteen-level enhancement, and that Movant could face a Sentencing Guidelines range of 41 to 105 months' imprisonment depending on his criminal history. (*Id.* at 16-17.) Movant confirmed that he had been convicted in the Middle District of Florida of unlawfully transporting aliens, the basis of the sixteen-level sentencing enhancement. (Doc. 4, Ex. A at 24-25.)

Because Movant's conviction for unlawfully transporting aliens properly formed the basis for a sixteen-level sentencing enhancement, an objection to that enhancement would lack merit and, therefore, Movant cannot show that trial counsel's performance was deficient for failing to object to that enhancement. *See Premo v. Moore*, 562 U.S. 115, 124 (2011) ("It is unnecessary to consider whether counsel's second justification was reasonable, however, since the first and independent explanation — that suppression would have been futile — confirms that his representation was adequate under *Strickland* . . . ."); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (stating that defense counsel's failure to raise a meritless objection does not constitute ineffective assistance of counsel under the Sixth Amendment); *Nardi v. Schriro*, 2008 WL 4446963, at *41 (D. Ariz. Sept. 30, 2008) (stating that "because the underlying challenge to the jury instructions lacks merit, the corresponding ineffective assistance of counsel claim has no merit for lack of showing prejudice to Petitioner's defense.").

Accordingly, Movant cannot show that trial counsel was ineffective and the Court does not need to reach *Strickland's* prejudice prong. *See Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the Strickland test obviates the need to consider the other."). Thus, Movant is not entitled to relief on Ground Two.

### 4. Ground Three

In Ground Three, Movant argues that trial counsel was ineffective for failing to challenge the factual basis for Movant's guilty plea on the ground that there were "irregularities" in Movant's removal proceeding. (Doc. 4 at 7.) As discussed below, Movant has not shown that trial counsel was ineffective in this regard.

During the change of plea hearing, Movant admitted (in addition to the other elements of illegal reentry) that he had been removed from the United States. (Doc. 4, Ex. A at 21-22, 24-25.) The validity of the underlying removal order is not an element of the offense of illegal reentry. *See United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014) (holding 8 U.S.C. § 1326 does not require the government to prove that an order of removal was issued when the alien has been removed).

Specifically, at the change of plea hearing, Movant confirmed that he was removed from the United States on October 6, 2001. (Doc. 4, Ex. A at 24-25.) He also admitted that he was found in the United States on February 2013, and that he did not have consent of the United States government to reapply for admission to the United States. (Doc. 4, Ex. A at 24.) The magistrate judge advised Movant that by pleading guilty to reentry after removal, he "may be waiving any right [he] may otherwise have to challenge the legality of that particular prior removal." (*Id.* at 18.) It does not appear that Movant challenged the underlying removal order when he was first convicted of illegal reentry in 2011 in the Middle District of Florida. (*See United States v. Rodriguez-Hernandez*, 6:10-CR-00304-GAP-GJK.)

Because Movant confirmed that he was previously removed from the United States, and there is no evidence that Movant had previously challenged his order of removal, trial counsel's performance was not deficient for failing to object to the factual basis for Movant's guilty plea to the offense of reentry after removal. Accordingly, the Court does not need to reach *Strickland's* prejudice prong. *See Strickland*, 466 U.S. at 697 (there is no need to address the deficiency of counsel's performance if prejudice is examined first and found lacking); *Rios*, 299 F.3d at 805. Thus, Movant's claim of

ineffective assistance of counsel asserted in Ground Three lacks merit and he is not entitled to relief on that claim.

### B. Ineffective Assistance of Appellate Counsel — Ground Four

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during all critical stages of the criminal proceedings, and during a criminal defendant's first appeal as of right. *Mempa v. Ray*, 389 U.S. 128, 134 (1967). A petitioner prisoner may seek relief under 28 U.S.C. § 2255 based on a denial of effective assistance of trial or appellate counsel. *Id.*

In Ground Four, Movant argues that appellate counsel was ineffective for failing to file a timely notice of appeal. (Doc. 1 at 9.) This claim fails because the record reflects that counsel filed a timely notice of appeal. *See* Fed. R. App. P. 4(b)(1) (establishing deadlines for filing a notice of appeal in a criminal case). Movant was sentenced on August 13, 2013. (CR Doc. 25.) Two days later, on August 15, 2013, counsel filed a notice of appeal. (CR Doc. 26.) The Ninth Circuit Court of Appeals denied Movant's appeal on the merits. *Vazquez*, 584 Fed. App'x 348. Accordingly, Movant's claim that counsel was ineffective for failing to file a timely notice of direct appeal lacks merit.

### IV. Conclusion

For the reasons set forth above, the § 2255 Motion should be denied because Movant's claims lack merit.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of October, 2015.

_____
Bridget S. Bade
United States Magistrate Judge